IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 07-cv91-JJB-SCR |
| CLAYTON HOMES, INC., | ) ) ) | **COMPLAINT** |
| Defendant | ) ) | **JURY DEMAND** |

**NATURE OF THE ACTION**

This action is brought by the United States Equal Employment Opportunity Commission under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of race, and to provide appropriate relief to Melvin McNeal who was adversely affected by such practices. As alleged with more particularity in paragraphs 7 through 9 below, the Commission avers that in 2004 Melvin McNeal, a black male, was racially harassed by a co-worker at the Defendant's former manufactured home retail center at 3268 Airline Highway, Baton Rouge, Louisiana and was subsequently discharged in retaliation for complaining about the racial harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C.§ 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Louisiana.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Clayton Homes, Inc. (the "Defendant Employer" or the "Employer"), has continuously been a Delaware corporation doing business in the State of Louisiana and the City of Baton Rouge, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Melvin McNeal filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All administrative conditions precedent to the institution of this lawsuit have been fulfilled.

7. From April 19, 2004 through November 30, 2004, Defendant Employer engaged in unlawful employment practices against Melvin McNeal at the Defendant's former manufactured home retail center at 3268 Airline Highway, Baton Rouge, Louisiana in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), and Section 704 of Title VII, 42 U.S.C. § 2000e-3(a).

8. The Defendant Employer's unlawful employment practices included frequent, offensive racial harassment by Mr. McNeal's co-worker Nancy McIntyre. Ms. McIntyre called Mr. McNeal "buckwheat;" referred to him as "that black man;" told or committed daily jokes that were racially offensive; frequently referred to Mr. McNeal's hair type or skin color; stared at him

as if he had the plague; rummaged through his desk and intentionally refused to deliver his telephone messages with potential sales leads; openly referred to the sales location as "niggerville;" openly displayed a poor attitude toward the Defendant's black customers; and admitted to a contractor on site that she hates "niggers." Much of the racial harassment and Ms. McIntyre's racist attitude were either obvious or became known in the Defendant Employer's workplace. Moreover, Mr. McNeal and one of his fellow co-workers Morris "Cubby" Stone reported the harassment to their direct superiors, Murray Hebert and Wilson Romero. In response, Messrs. Hebert and Romero conducted individual investigations of Ms. McIntyre's background and/or alleged misconduct and either attempted to discipline or did, in fact, issue some written discipline to Ms. McIntyre. Nonetheless, the Defendant Employer failed to reasonably prevent and correct or remedy the racial harassment against Melvin McNeal. Further, the Defendant Employer's Manager Terry Starkey (formerly responsible for managing Defendant's Louisiana operations and the former direct superior to Messrs. Hebert and Romero), was made aware of Ms. McIntyre's racist attitude by Mr. Hebert and Mr. McNeal's claim that Ms. McIntyre called him "buckwheat"; yet Mr. Starkey informed Mr. Hebert that Ms. McIntyre's racist attitude was not important and ultimately did

nothing in response to Mr. Hebert's negative reports about Ms. McIntyre. In response to Mr. McNeal's allegation that Ms. McIntyre called him "buckwheat", Messrs. Romero and Starkey counseled Ms. McIntyre and Mr. McNeal for name-calling in an office argument, yet only issued a "progressive counseling report" to McNeal for <u>multiple</u> acts of alleged misconduct, most of which was unrelated to the office argument.

9. The Defendant Employer's unlawful employment practices also included its termination of Melvin McNeal's employment on November 30, 2004 because of his complaints about Ms. McIntyre's racial harassment.

10. The effect of the practices complained of in paragraphs 7 through 9 above has been to deprive Melvin McNeal of equal employment opportunities and otherwise adversely affect his status as an employee (i) because of his race in violation of Title VII, and in further violation of Title VII, (ii) because he opposed an employment practice made unlawful by Title VII.

11. The unlawful employment practices complained of in paragraphs 7 through 9 above were intentional.

12. The unlawful employment practices complained of in paragraphs 7 through 9 above were done with malice or with reckless indifference to the federally protected rights of Melvin McNeal.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in racial harassment, discriminatory retaliation, and any other employment practice which discriminates on the basis of race and/or which constitutes unlawful retaliation in violation of Title VII.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for blacks, and which eradicate the effects of its past unlawful employment practices.

C. Order Defendant Employer to make whole Melvin McNeal, by providing appropriate compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 7 through 9 above, including job search expenses, in amounts to be determined at trial.

D. Order Defendant Employer to make whole Melvin McNeal by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 7 through 9 above, including emotional pain,

suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    E.    Order Defendant Employer to pay Melvin McNeal punitive damages for its malicious and reckless conduct described in paragraphs 7 through 9 above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**RONALD S. COOPER**
General Counsel

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

*/s/ M. Ele____ for*
**JIM SACHER**
Regional Attorney
La. Bar Roll No. 14888
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
HOUSTON DISTRICT OFFICE
Mickey Leland Federal Building
1919 Smith Street

7th Floor
Houston, Texas 77002-8049
Tel: (713)-209-3398
Telefax: (713)-209-3402

_____
**N. ELEANOR GRAHAM**
Senior Trial Attorney
La. Bar Roll No. 16946
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
New Orleans Field Office
1555 Poydras Street, Suite 1900
New Orleans, LA  70112
Tel: (504) 595-2875 (Graham)
Fax: (504) 589-6861 or 595-2886
**COUNSEL FOR PLAINTIFF
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**PLEASE SERVE:**

**Clayton Homes, Inc.
through its registered agent
Wilmington Trust SP Services, Inc.
1105 N. Market Street
Suite 1300
Wilmington, DE  19801**

§JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. Equal Employment Opportunity Commission

## DEFENDANTS
CLAYTON HOMES, INC.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **BLOUNT CTY., TENNESSEE**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
N. Eleanor Graham
1555 Poydras St., Ste. 1900
New Orleans, LA 70112

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | [X] 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC §§ 2000e-5(f)(1) + (3)

Brief description of cause: Race Discrimination and Retaliation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____
DOCKET NUMBER _____

DATE 02/05/2007
SIGNATURE OF ATTORNEY OF RECORD  N. Eleanor Graham

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____